UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBERTO HERNANDEZ MEDINA,<br>Petitioner,<br>v.<br>SCOTT FRAUENHEIM, et al.,<br>Respondents. | No. 1:26-cv-09292-DAD-AC (HC)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 3) |

On November 10, 2026, petitioner, through counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, also petitioner filed a motion for temporary restraining order (Doc. No. 2). On November 10, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.)

On November 13, 2026, respondents filed an opposition to petitioner's motion. (Doc. No. 6.) In that opposition, respondents argue that the cases cited in the court's prior order are distinguishable based on the facts and procedural circumstances of this case. (*Id.* at 4–5.) Further, respondents argue that petitioner is subject to detention under 8 U.S.C. § 1226(a), but his

petition should be denied because petitioner has not yet requested an individualized bond determination before the immigration court or prudentially exhausted his administrative remedies. (*Id.* at 2–4.)

Based upon the parties' submissions, the court finds the following facts. Petitioner is a native and citizen of Mexico. (Doc. No. 6-1 at 5–7.) On or about October 5, 2026, petitioner was first encountered by immigration agents during the targeted arrest of another individual. (Doc. No. 6-1 at 2–3.) On that same date, petitioner was arrested and detained by immigration officers and removal proceedings were commenced. (*Id.* at 4–6.) Petitioner was also served with a notice of rights and advisals (Form I-826), warrant for arrest (Form I-200)[1], and a notice of custody determination (Form I-286). (Doc. No. 8-1 at 8–10.)

The court finds that petitioner has not yet exhausted his administrative remedies with regard to respondents' determination that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) because he has not yet requested a bond redetermination hearing before an immigration judge or availed himself of such procedures to determine his custody. *See e.g.*, *Matter of Joseph,* 22 I&N Dec. 799 (BIA 1999). The court finds analogous and persuasive, and incorporates herein, its prior analysis in *Buckley v. Chestnut,* No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at *2–4 (E.D. Cal. Apr. 16, 2026), where the court declined to waive the prudential exhaustion requirements because petitioner's appeal of his bond hearing remained pending. *See also Cesar G.R. v. Warden, California City Det. Facility,* No. 1:26-CV-04231-MWJS, 2026 WL 1765351, at *2–4 (E.D. Cal. June 18, 2026).

[1] Respondents have not provided a copy of the warrant for arrest in their submission. The court observes that the Form I-213 indicates that "First Line Supervisor authorized the issuance of a Warrant for Arrest of Alien, Form I-200, at 0730 hours. *Subsequently*, ICE officers informed HERNANDEZ MEDINA of the administrative warrant for his arrest and ICE officers took HERNANDEZ MEDINA into ICE custody without further incident at 0730 hours." (Doc. No. 6-1 at 2) (emphasis added). The use of the word "subsequently" in this context is not correct. Rather, the report indicates that the warrant for arrest was authorized simultaneously with petitioner's arrest. This representation is troublesome. It is certainly plausible that petitioner was not free to leave and was being detained by immigration authorities as they obtained authorization for an administrative warrant for his arrest. If so, the applicable regulations may have been violated. 8 C.F.R. § 236.1(b)(1). At this point in these proceedings the undersigned is only concluding that petition has yet to satisfy his burden of demonstrating a likelihood of success on the merits of his claim due to the uncertainty in the exact sequence of the events in question.

Here, there are outstanding factual issues that can best be resolved before an immigration judge during custody redetermination procedures already available to petitioner. 8 C.F.R. § 1003.19(b). Additionally, petitioner has not demonstrated that the bond appellate process is somehow inadequate, futile, or that irreparable injury would result here so as to waive the prudential exhaustion requirement. *Leonardo v. Crawford,* 646 F.3d 1157, 1160–61 (9th Cir. 2011); *Puga v. Chertoff,* 488 F.3d 812, 815–16 (9th Cir. 2007); *Laing v. Ashcroft,* 370 F.3d 994, 1000–01 (9th Cir. 2004).

As to petitioner's argument that his due process rights were violated when he was detained without a warrant, notice or opportunity to be heard, the court finds that this argument lacks merit insofar as a warrant for arrest (Form I-200) was issued prior to petitioner being taken into custody. (Doc. No. 6-1 at 2.) Additionally, petitioner was provided a notice of rights and advisals (Form I-826) and notice of custody determination (Form I-286). (Doc. No. 6-1 at 7–8). Thus, at the time petitioner was detained he was provided with the requisite written notice and custody determination process. *See e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility,* No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026). Further, respondents have presented evidence that petitioner refused to sign and/or accept the documentation respecting his detention, custody determination process, and removal proceedings. (Doc. No. 6-1 at 6–8.) Thus, to the extent petitioner argues that his arrest and detention are unlawful for failure to comply with established procedures and regulations, the court is unpersuaded. (*Id.*); 8 C.F.R. § 236.1(a), (c)(8). The form I-213 also shows that petitioner admitted his alienage and nationality at the time immigration agents questioned him. (*Id.* at 2.); 8 U.S.C. § 1357(a). There is no indication that petitioner was detained prior to October 5, 2026, and then re-detained. Finally, petitioner has failed to provide any statutory basis for which his detention is unauthorized or otherwise violates due process. (*Id.)* Therefore, the Court will deny petitioner's motion for temporary restraining order.

/////

/////

/////

For the reasons stated above,

1. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED without prejudice to the renewal of a motion for preliminary relief following a custody redetermination hearing;
2. The pending petition for writ of *habeas corpus* (Doc. No. 1) is REFERRED to Magistrate Judge Allison Claire for further proceedings.

IT IS SO ORDERED.

Dated: **November 17, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE